IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WEBBER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-00070 |
| | § | |
| MOUNT VERNON FIRE INSURANCE COMPANY, | § | |
| | § | |
| Defendant | § | |

# PLAINTIFF WEBBER, LLC'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Webber, LLC ("Webber") files this Original Complaint and for Declaratory Relief, and, in support thereof would respectfully show as follows:

## I.
## PARTIES

1. Plaintiff Webber, LLC is a Texas Limited Liability Company with its principal office located in Montgomery County, Texas.

2. Defendant Mount Vernon Fire Insurance Company ("Defendant" or "Mount Vernon") is a Pennsylvania Insurance Business Corporation with its principal place of business located at 190 South Warner Road, Wayne, Pennsylvania 19087. Mount Vernon is engaging in the business of insurance in Texas and may be served with citation by and through the Texas Commissioner of Insurance.

## II.
## VENUE AND JURISDICTION

3. This Court has jurisdiction over this action under 28 U.S.C. §§ 2201 and 2202 insofar as Webber now seeks a declaration of its rights and obligations under the insurance policy at issue. Pursuant to 28 U.S.C. § 1332, complete diversity exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4. Venue is proper in this District and Division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III.
## BACKGROUND FACTS

5. Mark James filed a lawsuit against Webber and Kay Savage Trucking ("Kay Savage") for injuries he claims that he sustained in a June 8, 2017 accident. James' lawsuit against Webber and Kay Savage is styled *Mark C. James v. Webber LLC and Kay Savage Trucking, Inc.* in cause number 2019-1847-5 in the 414th District Court of McLennan County, Texas (the "Underlying Lawsuit"). The Underlying Lawsuit alleges causes of action of negligence and premises liability. James subsequently non-suited his claims against Kay Savage.

6. In the Underlying Lawsuit James alleges, in pertinent part, the following:

> On or about June 8, 2017, Plaintiff [James] arrived at the destination of Defendant Webber for a scheduled load pick up. The Bellmead yard of Defendant Webber is located off of State Highway West...Bellmead, McLennan County, Texas. Plaintiff arrived at the Webber location to pick up a concrete road barrier which measures approximately 30 feet in length to drop off at a construction site. At the time of the incident there was one flagger, Ivan Barrientos, on Plaintiff's trailer and a crane operator, Ray Galvan. As the load was being placed on the flatbed of the trailer to Plaintiff's vehicle, Plaintiff realized that Ray Galvan, under the employ of Defendant Webber, improperly placed the road barrier on the trailer flatbed to the extent the rear of the concrete road barrier was protruding or hanging out of the left of the trailer. Plaintiff immediately alerted Ivan Barrientos that the concrete road barrier was not positioned safely for transport and needed to be centered on the flatbed. Prior to Ray Galvan

> lifting the barrier again for readjustment, Plaintiff explained to Ivan Barrientos that the steel braided cable was not placed securely for a proper adjustment of the concrete road barrier and that it would cause damage if not adjusted. Plaintiff expressed that he would secure the steel braided cable before lifting since there was only one flagger helping with securing the load. Ivan Barrientos told Ray Galvan to hold on and not lift the crane, but as a result of the being inattentive, and not keeping a proper lookout, Ray Galvan continued to lift the concrete road barrier while Plaintiff was adjusting the cable, and Ivan Barrientos failed to alert Ray Galvan to stop which resulted in Plaintiff's thumb gettering stuck in the cable....

7. Plaintiff alleges that as a result of the accident that he sustained serious and permanent injuries and seeks in excess of $1,000,000 in damages.

8. In the Underlying Lawsuit Webber filed a general denial, denying all of Plaintiff's allegations.

9. In the Underlying Lawsuit Webber has filed cross claims for contribution and indemnity against Kay Savage and Marwan Trucking.

10. Plaintiff Webber had a contract with Kay Savage whereby Kay Savage agreed to provide trucking services including providing all labor, supplies, equipment, permits, fees, services, facilities, supervision and administration necessary to complete the work.

11. Kay Savage subcontracted with James' employer Marwan Trucking, Inc. to execute the work it contracted with Webber to complete.

12. One of the contractual obligations of Kay Savage was to maintain insurance for general liability for injury and such insurance was required to include Webber, LLC as an additional insured.

13. Kay Savage maintained a Commercial Liability insurance policy with Mount Vernon. The Mount Vernon policy, Policy No. CL 2634740D (the "Policy"), issued to Kay Savage had a policy period of December 31, 2016 to December 31, 2017.

14. As a result of the filing of the Underlying Lawsuit, Plaintiff Webber was required to hire counsel, to incur attorney's fees and litigation expenses in defending the Underlying Lawsuit. In a letter dated July 3, 2019, Plaintiff Webber made a demand upon Mount Vernon Fire Insurance Company ("Mount Vernon") for a defense and indemnity for the claims asserted in the Underlying Lawsuit and for any other rights and benefits afforded to Webber as an "additional insured" under the Policy, a policy of insurance issued by Mount Vernon to Kay Savage Trucking, Inc.

15. In a letter dated July 23, 2019, Mount Vernon wrongfully failed to provide the rights and benefits, including providing a defense with qualified counsel, that should have been available to Webber as an "additional insured." As a result, Webber incurred expenses as outlined above and additionally has incurred and is continuing to incur attorney's fees and expenses related to Webber's attempts to secure a defense and indemnity from Mount Vernon during the pendency of the Underlying Lawsuit, and attorney's fees, litigation expenses and costs in this lawsuit.

## IV.
## CLAIM FOR DECLARATORY JUDGMENT

16. Plaintiff Webber incorporates paragraphs 1-15 herein by reference as if fully set forth herein.

17. Plaintiff Webber files this claim for declaratory judgment against Mount Vernon Fire Insurance Company. Plaintiff seeks a declaratory judgment to determine a justiciable controversy and to declare the right of the parties pursuant to 28 U.S.C. §§2201 and 2202.

18. Plaintiff Webber seeks a declaratory judgment that Webber is an additional insured, and is entitled to a defense and indemnity under the Commercial General Liability Policy issued by Mount Vernon to Kay Savage, and identified as Policy No. CL 2634740D, with

effective dates of December 31, 2016 through December 31, 2017 (hereinafter the "Policy"). Plaintiff Webber seeks declarations that:

    a.    Plaintiff Webber is an insured, additional insured, and/or is entitled to a defense under the Policy;

    b.    Mount Vernon owes a duty to defend Webber in the Underlying Lawsuit; and

    c.    Mount Vernon owes a duty to indemnify and reimburse Webber for all costs, judgments, settlements, etc. incurred by or against Webber as a result of the claims being pursued in the Underlying Lawsuit.

## V.

## BREACH OF CONTRACT

19.    Plaintiff Webber incorporates paragraphs 1-15 herein by reference as if fully set forth herein.

20.    Under the terms of the Policy, Plaintiff Webber is an additional insured.

21.    Under the terms of the Policy, Mount Vernon contracted to defend Kay Savage and Plaintiff Webber for the losses alleged in the Underlying Lawsuit.

22.    Plaintiff Webber properly and timely submitted a claim for the above-referenced losses. All conditions precedent to Plaintiff Webber's recovery have been performed and satisfied or have occurred.

23.    Defendant Mount Vernon when confronted with Plaintiff Webber's request for a defense and indemnity, wrongfully denied Webber's claim and failed to timely provide a defense to Webber in the Underlying Action.

24.    Defendant Mount Vernon's failure to provide a defense and accept Webber's claim constitutes a breach of contract.

25. Mount Vernon's breach of its contract has been a proximate and producing cause of actual damages to Webber, for which Webber seeks recovery. Such damages include all reasonable and necessary attorney's fees and costs of ligation incurred by Webber in defending the Underlying Lawsuit and all reasonable and necessary attorney's fees, litigation expenses and costs incurred by Webber in this suit.

VI.

**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

26. Plaintiff Webber incorporates paragraphs 1-15 herein by reference as if fully set forth herein.

27. As an insured, additional insured, and/or indemnitee under the Policy, Webber was and is owed the duty of good faith and fair dealing by Mount Vernon.

28. Pursuant to the terms of the Policy, Mount Vernon is required to pay Webber's defense costs incurred in responding to the Underlying Lawsuit and indemnify Webber for any and all costs, judgments, settlements, etc. incurred by or against Webber as a result of the claims being pursued in the Underlying Lawsuit.

29. Mount Vernon has breached the duty of good faith and fair dealing by unreasonably denying, withholding, and refusing to tender a defense and payment of defense costs as required by the Policy.

30. Mount Vernon has breached the duty of good faith and fair dealing by unreasonably denying, withholding, and refusing to indemnify Webber for any and all costs, judgments, and settlements Webber may incur as a result of the claims being pursued in the Underlying Lawsuit.

31. There is no reasonable basis for Mount Vernon's refusal to provide a defense or indemnity to Webber in the Underlying Lawsuit.

32. Mount Vernon has intentionally misrepresented the coverage afforded by the Additional Insured Endorsement. Additionally, by writing a policy, which as applied and interpreted by Mount Vernon provides "illusory coverage" and/or no coverage for its "additional insured", particularly regarding the provision of a defense, Mount Vernon has violated its duty of good faith and fair dealing, has misrepresented coverage, and is in breach of contract.

33. Mount Vernon has failed to effectuate a prompt, fair, and equitable settlement of such claims when the insurers' liability has become reasonably clear. Mount Vernon has no reasonable basis for its continuing refusal and denial of Webber's claims.

34. Mount Vernon's breach of the duty of good faith and fair dealing has been a proximate and producing cause of actual damages to Webber, for which Webber seeks recovery. Such damages include all reasonable and necessary attorney's fees, litigation expenses and costs incurred by Webber in defending the Underlying Lawsuit, and all attorney's fees, litigation expenses and costs incurred in this suit.

## VII.
## TEXAS INSRUANCE CODE & UNFAIR OR DECEPTIVE TRADE PRACTICES

35. Plaintiff Webber incorporates paragraphs 1-15 herein by reference.

36. Mount Vernon is a person as defined by Texas Insurance Code §541.002(2)

37. Mount Vernon misrepresented the terms and/or benefits of the Policy and provided illusory coverage in violation of the Texas Insurance Code Chapter 541.

38. Mount Vernon has engaged in unfair and/or deceptive insurance practices that violate Chapter 541 of the Texas Insurance Code, and these acts have caused actual damages to

Webber in an amount to be proven at trial. Specifically, Mount Vernon's violations include, but are not limited to:

    a.    A violation of Tex Ins. Code § 541.051(1), which provides that it is an unfair method of competition or unfair or deceptive actor or practice in the business of insurance to make a statement misrepresenting the terms of the policy or the benefits and advantages promised by the policy.

    b.    A violation of Tex. Ins. Code § 541.060(a)(2)(A), which provides that "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of .... a claim with respect to which the insurer's liability has become reasonably clear..." is an unfair or deceptive act or practice.

    c.    A violation of Tex. Ins. Code §541.060 (a)(3) which provides that "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim" is an unfair or deceptive act or practice.

    d.    A violation of Tex. Ins. Code § 542.058, which provides that an insurer who delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, shall pay damages and other items as provided by section 542.060.

39.    In the alternative, and only to the extent the Court finds no coverage under the Policy, Webber has a cause of action under the Texas Insurance Code including for unfair and/or deceptive insurance practices, to the extent that Mount Vernon misrepresented material policy provisions in the Policy, including misrepresenting the scope and/or existence of coverage under the Policy at issue.

40.    Mount Vernon engaged in unconscionable conduct by selling insurance policies with illusory coverage.

41.    Mount Vernon's misrepresentations are a proximate and producing cause of actual damages to Webber, for which Webber seeks recovery. Such damages include all reasonable and necessary attorney's fees and costs of ligation incurred by Webber in defending

 

the Underlying Lawsuit and any and all judgements, costs, and/or settlement Webber may incur in the Underlying Lawsuit.

42. Pursuant to Tex. Ins. Code §542.060, Webber seeks actual damages caused by Defendant's violations, including but not limited to the amount of the claim (attorney's fees, expenses and costs in defending the Lawsuit and any appeals), interest on the amount of the claim at the rate of 18 percent a year as damages, together with Webber's reasonable and necessary attorney's fees in bringing this action, court costs and any other relief that this Court determines is proper.

43. Pursuant to Tex. Ins. Code §541.152, because the Defendant knowingly committed the acts set forth above, Webber seeks an award for three times the amount of its actual damages.

## VIII.
## REQUEST FOR A JURY TRIAL

Plaintiff Webber, LLC requests a jury trial on all issues to which they are entitled to by law.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Webber, LLC respectfully prays that judgment be entered against Defendant Mount Vernon Fire Insurance Company and that the Court:

1. Enter a declaration and judgment that:

   a. Plaintiff Webber is an insured, additional insured, and/or is entitled to a defense and indemnity under the Policy;

   b. Mount Vernon owes a duty to defend Webber in the Underlying Lawsuit; and,

    c.       Mount Vernon owes a duty to reimburse Webber for all defense costs, including attorney's fees, litigation expenses and costs, incurred or which may be incurred in the Underlying Lawsuit;

    d.       Mount Vernon owes a duty to indemnify and reimburse Webber for all costs, judgments, settlements, etc. incurred by or against Webber as a result of the claims being pursued in the Underlying Lawsuit.

3. Render judgment that Mount Vernon breached its duty of good faith and fair dealing by failing to defend and/or indemnify Webber, LLC in the Underlying Lawsuit.;

4. Render judgment that Mount Vernon violated its obligations under Texas Insurance Code Chapter 542; and

5. Award Webber, LLC judgment against Defendant Mount Vernon on all claims and for Webber LLC's actual, consequential, incidental, attorney's fees, litigation expenses, costs of court, pre- and post-judgment interest, statutory damages and penalties including three times Webber LLC's actual damages and statutory interest at the rate of 18% per annum; and that Webber LLC be granted such other and further relief, at law and in equity, both general and special, to which Webber LLC is justly entitled.

Respectfully submitted,

By: /s/ Allison M. Lockhart
**ALLISON M. LOCKHART**
Texas Bar No. 24083407
ALockhart@MacondaldDevin.com
**JENNIFER A. CHEEK** *(admission pending)*
Texas Bar No. 24095098
JCheek@MacdonaldDevin.com
**MACDONALD DEVIN ZIEGLER**
**MADDEN KENEFICK & HARRIS, P.C.**
1201 Elm Street, Ste. 3800
Dallas, Texas 75270-2084
(214) 744-3300 Phone
(214) 747-0942 Facsimile